Edward S. Conway, J.
This is a motion by the petitioner pursuant to CPLR article 78 for an order in the nature of mandamus directing and requiring respondent Public Employment Relations Board of the State of New York, hereinafter referred to as PERB, to permit petitioner to examine and make copies of any documentary evidence submitted by Local 1908, Fraternal Order of New York State Troopers, AFSCME, AFL-CIO, hereinafter referred to as Local 1908, in support of its petition for a certification election.
Petitioner herein, an employee organization, is the duly certified representative of a bargaining unit of employees consisting of noncommissioned officers, investigators and troopers within the Division of State Police. Another employee organization, Local 1908, filed a petition with the respondent PERB August 29, 1975 seeking to challenge the representation status of the petitioner herein. Local 1908 filed its evidence of a "showing of interest” of 30% or more of the employees in the unit in accordance with PERB’s rules of procedure by attaching to its petition a computer print-out list of the dues-paying members of the local, provided by the State of New York, and petitions signed by members of the Local 1908 supporting the filing for a secret ballot election for the selection of a bargaining representative.
The petitions requested that it be permitted to examine the documentary evidence of a "showing of interest” submitted on behalf of Local 1908. This request was denied by respondent PERB in a letter dated September 9, 1975. The petitioner subsequently requested the same information pursuant to article 6 of the Public Officers Law (Freedom of Information Law) and said request was also denied by letter dated September 22, 1975.
Petitioner contends that basic common sense and fairness require that in any election any opponent be allowed to examine the opposition’s signed petitions legally required as a prerequisite to the conducting of the election and that article 6 of the Public Officers Law (Freedom of Information Law), *19 effective September 1, 1974, necessitates modification and revision of PERB’s rules and regulations with reference to the information sought herein and further, petitioner contends that the "showing of interest” must provide that the employees want the union as their bargaining representative and not a mere request for an election.
The court cannot agree with these contentions. Respondent PERB’s rule which requires a 30% "showing of interest” by an employee organization in support of a claim for certification is an administrative device which has been upheld by the courts, and PERB’s director has the power to pass upon the sufficiency of the "showing of interest”. Revealing the names of the employees who support one employee organization, to another incumbent employee organization, may subject employees to many forms of harassment and reprisal and would violate the long-established policy of secrecy of the employees’ choice in such matters (see National Labor Relations Bd. v Case Co., 201 F2d 597, 600).
Further, the documentary evidence requested by petitioner is specifically exempted by the provisions of subdivision 3 of section 88 of the Public Officers Law so that petitioner is not entitled to the relief sought under that statute either.
The petition is therefore denied.